IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) 2:20-CR-266-5-NR |
| | ) |
| NATHANIEL MCKNIGHT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Defendant Nathaniel McKnight has filed a *pro se* motion for compassionate release. Even assuming for purposes of this order only that Mr. McKnight has exhausted his remedies and has established "extraordinary and compelling reasons" based on a heightened risk of contracting COVID-19,[1] the Court must nonetheless deny the motion. This is so because the Court is also obligated to ensure that any sentence reduction is consistent with 18 U.S.C. § 3553(a). A sentencing reduction at this juncture does not align with factors under Section 3553.

The Court sentenced Mr. McKnight to 105 months of imprisonment in February 2022 for serious drug-trafficking crimes. BOP records indicate that his current release date is March 8, 2028. Releasing him now with over five years

---

[1] That said, the Court notes that it is unlikely that Mr. McKnight has established extraordinary and compelling reasons, as he points to nothing in his own medical history that would suggest that he is at a heightened risk for complications from COVID-19. *Cf. United States v. Somerville*, 463 F. Supp. 3d 585, 596 (W.D. Pa. 2020) (Ranjan, J.). Moreover, the Court has doubts that extraordinary and compelling reasons could ever be established where, as here, the sentence was a product of a Rule 11(c)(1)(C) plea agreement entered into by a Defendant who was in pre-trial detention during the midst of the COVID-19 pandemic. That is, Mr. McKnight was well aware of his own medical conditions, the risks of COVID-19, and the risks of COVID-19 in a detention setting when he agreed to his stipulated sentence. It would undermine the guarantees of the parties, as approved by the Court, for a Defendant to enter into stipulated sentence under these circumstances, and months later cite those very same circumstances to renege on the deal.

remaining on his sentence would undermine the purposes of sentencing, including without limitation, the seriousness of the offense, the need for deterrence, protection of the public, and the creation of sentencing disparities, as well as all of the factors outlined by Congress at Section 3553. For these reasons, his motion is **DENIED**. *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020).[2]

Date: December 14, 2022            BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

---

[2] Mr. McKnight also asks for his release to care for his mother; but he has not shown that those family circumstances trigger compassionate release. *See United States v. Ingram*, No. 2:14-CR-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("While the Court empathizes with the Ingram family's difficult situation and understands that Mrs. Ingram's medical conditions are no doubt serious, family circumstances that constitute 'extraordinary and compelling reasons' simply do not include Ingram's mother. Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary.").